**IN THE COURT OF APPEALS OF IOWA**

No. 17-1228
Filed May 2, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DAJOUR LYDELL SMITH,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Webster County, Angela L. Doyle,

District Associate Judge.


        Dajour Smith appeals his convictions following guilty pleas to the charges

of indecent contact with a child and failure to comply with the sex offender registry.

**AFFIRMED.**


        Amy M. Moore of Mid-Iowa Mediation and Law PLLC, Ames, for appellant.

        Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney

General, for appellee.


        Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**MULLINS, Judge.**

Dajour Smith pled guilty to indecent contact with a child and failure to comply with the sex offender registry. On appeal, he claims he did not voluntarily or knowingly waive his right of allocution and the district court failed to advise him that his right must be exercised upon inquiry or it would otherwise be waived. He also contends the district court abused its discretion by imposing an excessive sentence by ordering consecutive prison sentences.

**I.      Background Facts and Prior Proceedings**

On April 28, 2017, Smith was charged by trial information with failure to comply with the sex offender registry, an aggravated misdemeanor, in violation of Iowa Code sections 692A.104, .108, and .111 (2017). The requirement to register stemmed from Smith's conviction on December 12, 2016, of indecent exposure. On May 15, 2017, Smith was also charged by trial information with indecent contact with a child, an aggravated misdemeanor, in violation of Iowa Code section 709.12(1)(b) based upon an incident occurring on or about June 25, 2016, in which Smith allegedly touched the clothing covering the immediate area of the buttock of a child while at a Wal-Mart.

On June 20, Smith filed signed written guilty pleas in each case. The guilty plea forms do not specifically detail the entirety of the plea agreement. However, each written plea agreement noted that Smith would be sentenced to a prison term of two years on each charge, to be served concurrently. On June 26, Smith filed a letter addressed to the court asking for leniency in which he described his home life with his girlfriend and daughter as well as his previous work experience.

On July 31, a plea and sentencing hearing was held during which the court acknowledged that it had received Smith's written guilty pleas in each of the cases. Because of the nature of the charges, the court held a guilty-plea colloquy in open court. The State detailed the plea agreement on the record and stated the parties both recommended that Smith serve two indeterminate two-year prison terms for the aggravated misdemeanors, to be served concurrently, associated fines and surcharges would be suspended, and Smith would be required to register as a sex offender for the remainder of his life.

After a thorough plea colloquy and before accepting Smith's plea, the court explained to Smith that it was not required to sentence him as agreed to by the parties and could impose consecutive sentences. The court asked him several times if he still wished to plead guilty, to which Smith responded in the affirmative and acknowledged that he understood.

After accepting Smith's guilty plea, the court proceeded with immediate sentencing, per Smith's request, and sentenced Smith to an indeterminate two-year prison term for each count to be served consecutively. Smith was also sentenced to a ten-year special sentence pursuant to Iowa Code section 903B.2 and was ordered to register as a sex offender.

Smith now appeals and asks for resentencing.

## II.    Standards of Review

We review sentencing proceedings for the correction of legal error. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). But "[w]e will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure." *Id.* We review sentencing decisions for an abuse of discretion. *State*

*v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016). An abuse occurs when the court exercises its discretion "on grounds clearly untenable or to an extent clearly unreasonable." *Id.* A reason is "untenable" when it is not supported by substantial evidence or is based on a mistaken application of the law. *Id.* Unless a certain sentence is mandated by statute, the district court must exercise its discretion. *Id.* "[T]he district court [does] not abuse its discretion if the evidence supports the sentence." *State v. Seats*, 865 N.W.2d 545, 553 (Iowa 2015). When the sentence imposed is within the statutory limits, it is "cloaked with a strong presumption" in its favor. *Formaro*, 638 N.W.2d at 724.

### III. Sentencing

#### A. Right of Allocution

Smith first claims that he did not knowingly and intentionally waive his right of allocution by declining to speak after the court offered him an opportunity to address the court. He claims that the court denied him the opportunity when he later sought to exercise his right of allocution, arguing that he was not informed by the court that the right of allocution needed to be exercised when the court offered him the opportunity prior to imposing sentence. He contends the district court abused its discretion by failing to afford him the opportunity to later address the court and by failing to establish that he knowingly and voluntarily waived his right to allocution when he first declined the opportunity.

Before rendering judgment, a sentencing court must allow defense counsel and the defendant personally to speak in mitigation of punishment. Iowa R. Crim. P. 2.23(3)(d). This right of allocution need not be invited with any particular language. *State v. Nosa*, 738 N.W.2d 658, 660 (Iowa Ct. App. 2007).

Substantial compliance with the rule will suffice. *Id.* Therefore, as long as the district court provides the defendant with an opportunity to speak regarding his punishment, the court is in compliance with the rule." *Id.* "The important thing is whether the defendant is given an opportunity to volunteer any information helpful to the defendant's cause." *State v. Craig*, 562 N.W.2d 633, 635 (Iowa 1997).

Before the district court imposed sentence in this case, the following exchange occurred between the court and Smith:

> THE COURT: Mr. Smith, you have the right to address the Court regarding mitigation of punishment. Is there anything that you would like to say or that you think I should know?
> THE DEFENDANT: No, Your Honor.
> THE COURT: Thank you.

After the district court rendered its judgment and imposed sentence, the following occurred:

> THE COURT: [Defense Counsel], anything further on behalf of Defendant?
> [DEFENSE COUNSEL]: It's—it's a little late, Your Honor, but my client does have a statement of allocution.
> THE COURT: That ship has sailed. I've already given you my judgment and my sentence in each of these cases.
> [DEFENSE COUNSEL]: I understand that. Okay. Nothing further, Your Honor.

Here, the district court unambiguously allowed Smith a meaningful opportunity to exercise his right of allocution and invited him to volunteer any information in mitigation of his sentence. There is no "doubt that the defendant ha[d] been issued a personal invitation to speak prior to sentencing." *Id.* at 636 (quoting *Green v. United States*, 365 U.S. 301, 304 (1961). Additionally, rule 2.23(3)(d) provides that *prior* to rendering judgment, the court shall allow the defendant an opportunity to address the court. However, it does not require that

the court allow the defendant the opportunity to address the court *after* judgment and sentence have been pronounced. We conclude the district court substantially complied with rule 2.23(3)(d) and Smith was provided his right of allocution.

B.     Consecutive Sentences

Smith next argues the district court abused its discretion in imposing an excessive sentence by ordering his prison sentences to be served consecutively. He also contends the court failed to consider any mitigating factors presented in the June 26 letter filed with the court prior to sentencing, namely his work history and family support.

Iowa Rule of Criminal Procedure 2.23(3)(d) requires the district court to "state on the record its reason for selecting the particular sentence." Rule 2.23(3)(d) applies to the district court's decision to impose consecutive sentences. *State v. Jacobs,* 607 N.W.2d 679, 690 (Iowa 2000). The purposes served by requiring the sentencing court to explain its reasons are to "ensure[] defendants are well aware of the consequences of their criminal actions" and to "afford[] our appellate courts the opportunity to review the discretion of the sentencing court." *State v. Thompson*, 856 N.W.2d 915, 919 (Iowa 2014).

Here, the district court imposed an indeterminate two-year prison sentence on each of Smith's charges, to be served consecutively. In the sentencing colloquy, in reference to the indecent-contact-with-a-child charge, the district court stated:

> Prior to rendering my judgment, Mr. Smith, I want to inform you that I have considered all of the sentencing options available to the Court provided for in Iowa Code Chapters 901 and 907. My judgment relative to your sentences is based on that which will

provide maximum opportunity for your rehabilitation and at the same time, protect the community from further offenses by you and others.

In imposing sentence, I have considered the circumstances of the offense, specifically in Case Number AGCR354888. In connection with those circumstances, I have taken into consideration the nature of the offense that you committed, as well as the harm to the victim, a young girl who was shopping in Wal-Mart with her grandparents, carefree until she was stalked by you within the store and inappropriately touched. She demonstrated fear, she knew you were watching her, she returned to her grandparents when she thought she was under risk from you. She thought you were gone, but you approached her later and committed this offense of indecent contact with her, so I have considered that as well. I've considered your age, I've also considered the previous conviction in SRCR352621, which was Indecent Exposure.

Whether or not that particular offense occurred prior to the offense you committed in the Indecent Contact With a Child case is not really important to me. What is important to me is that we have two sexually-predatory offenses committed by you within a short period of time, Indecent Contact with a Child, Indecent Exposure, both in violation of Iowa Code Chapter 709. And under that Section, specifically Iowa Code Chapter 229A, Indecent Contact With a Child is a sexually-predatory offense. That's scary to a little girl. Scary to me. I find that, beyond a reasonable doubt, the Indecent Contact With a Child is a sexually-predatory offense under Iowa Code Section 229A, it was an act sexually motivated for your sexual gratification beyond a reasonable doubt.

For the failure-to-register charge, the district court imposed an indeterminate two-year prison term and stated the court had "considered the sentencing recommendation of the parties in Case Number AGCR354692 as well as protection of the public from further offenses, the nature and circumstances of the crime, Defendant's criminal history, and Defendant's rehabilitation." The court then further explained that

In ordering that the sentence be served consecutively rather than concurrently, I have also considered the nature and circumstances of each crime. This Defendant has committed two sexually-predatory offenses, was required to register with the sex offender registry, and failed to do so. I've also taken into account, as I previously indicated in ordering that the sentences be served consecutively, that this Defendant preyed upon a young girl under

the age of 14 years at a local store when she was on an outing with her grandparents.

For the indecent-contact-with-a-child charge, the district court also imposed an indeterminate two-year prison term to be served consecutively with the sentence imposed for the failure-to-register charge. The district court stated:

> The Court has considered the sentencing recommendation in this case. I grant the sentence because it provides for Defendant's rehabilitation and for the protection of the community. I specifically find the following factors the most significant in determining this sentence: The nature and circumstances of the crime, the protection of the public from further offenses, the Defendant's conviction within a short period of time relative to this case in Case Number SRCR352621 of another sexually-predatory offense, the Defendant's plea of guilty and conviction this morning in AGCR354692 for failure to comply with the sex offender registry, and finally, the maximum opportunity for rehabilitation of this Defendant.
>
> In ordering the consecutive sentence rather than the concurrent as recommended to the Court, I have also considered each one of those factors but I would like to specifically address the nature and circumstances of the crime. The crime involved a young girl, as I previously indicated, on a shopping trip with her grandparents. She was accosted in a public store here in Fort Dodge. She was scared of Defendant, he followed her around the store, she was aware of that even to the point where she returned to her parents—or her grandparents—thought she was safe, but she wasn't. The nature and the circumstances of the crime of the Indecent Contact with a Child weigh heavily on the Court and were considered in ordering the consecutive sentences rather than the concurrent.

A review of both the transcript of the sentencing hearing and the sentencing order reveals that the court offered specific reasons for both the overall sentence for each offense as well as for the decision for consecutive sentences. *See Hill*, 878 N.W.2d at 275 (encouraging courts "to give more detailed reasons for a sentence specific to the individual defendant and crimes"). The district court provided sufficient and adequate reasons to sentence Smith to consecutive terms, and the court's decision was based on reasonable and valid considerations. We

find the district court's statement of its reasons satisfies rule 2.23(3)(d) as the reasons cited were "sufficient to demonstrate the exercise of discretion and indicates those concerns which motivated the court to select the particular sentence which it imposed." *State v. Garrow*, 480 N.W.2d 256, 259 (Iowa 1992). The court identified that it considered all options available under chapters 901 and 907 as well as the sentencing recommendation from the parties, and provided greater detail to those concerns, namely the nature and circumstances of Smith's offenses, which motivated the court to not follow the sentencing recommendation and impose consecutive sentences. The court is not required to specifically acknowledge each claim of mitigation urged by a defendant. *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). Therefore, we find no abuse of discretion. *See Seats*, 865 N.W.2d at 552.

Finding no error or abuse of discretion by the district court, we affirm Smith's sentences.

**AFFIRMED.**