STATE of Iowa, Plaintiff–Appellee,

v.

**Todd Allen NOSA, Defendant–Appellant.**

No. 06–1809.

Court of Appeals of Iowa.

July 12, 2007.

Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Cristen Douglass, Assistant Attorney General, William E. Davis, County Attorney, and Julie Walton, Assistant County Attorney, for appellee.

Todd A. Nosa, Pro Se.

Considered by SACKETT, C.J., and VOGEL and MILLER, JJ.

MILLER, J.

Todd Nosa appeals from his conviction and sentence, following his guilty plea, for credit card fraud. He contends the district court abused its discretion by not allowing him to exercise his right to allocution, his guilty plea was in violation of his Fifth Amendment privilege against self-incrimination, and he received ineffective assistance of counsel. We affirm his conviction, vacate the sentence and remand the case for resentencing, and preserve his ineffective assistance claim for a possible postconviction proceeding.

The State charged Nosa, by trial information, with credit card fraud, in violation of Iowa Code section 715A.6(2) (2005). Nosa signed and filed a written guilty plea and a written memorandum of the parties' plea agreement. A sentencing hearing was held on this case and another pending Scott County prosecution against Nosa. At the time of the hearing Nosa had already been sentenced to a ten-year prison term in yet another case. At hearing the State recommended the sentence for the credit card fraud conviction and the sentences in the other pending prosecution be run consecutively. Nosa's attorney argued for concurrent sentences. Immediately following defense counsel's argument the court district asked, "Is there anything else you want to say?" Nosa's counsel responded, "No, Your Honor." Nosa did not respond to the court's inquiry. The court sentenced Nosa to a period of incarceration not to exceed two years on the credit card fraud conviction and ordered that sentence to run consecutively to the sentences it imposed on the other convictions in the other pending case.

Nosa appeals, claiming the district court erred in failing to allow him to exercise his right to allocution, his guilty plea was in violation of his Fifth Amendment privilege against compulsory self incrimination because the State told him it would not seek habitual offender sentencing enhancement if he pled guilty, and his counsel was ineffective for misadvising him concerning what the court would do at sentencing.

■ Our review of sentencing procedures is for an abuse of discretion. *State v. Craig,* 562 N.W.2d 633, 634 (Iowa 1997). Such abuse will be found only if the district court's discretion was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *Id.*

A sentencing court is required under Iowa Rule of Criminal Procedure 2.23(3)(*a*) to ask the defendant whether he or she "has any legal cause to show why judgment should not be pronounced against" him or her. The rule continues on in paragraph (*d*) to require that prior to the court's rendition of judgment "counsel for the defendant, and the defendant personally, shall be allowed to address the court where either wishes to make a statement in mitigation of punishment." Together these requirements are referred to as a defendant's right to allocution. *See Craig,* 562 N.W.2d at 635–37.

■ Sentencing courts are not required to use any particular language to satisfy rule 2.23(3)(*d*). *State v. Duckworth,* 597 N.W.2d 799, 800 (Iowa 1999); *Craig,* 562 N.W.2d at 635. Substantial compliance with the rule is sufficient. *Duckworth,* 597 N.W.2d at 800. "The important thing is whether the defendant is given an opportunity to volunteer any information helpful to the defendant's case." *Craig,* 562 N.W.2d at 635. Therefore, as long as the district court provides the defendant with an opportunity to speak regarding his punishment, the court is in compliance with the rule. *Id.* In dealing with a comparable federal rule the Supreme Court has stated:

> [T]o avoid litigation arising out of ambiguous records in order to determine whether the trial judge did address him-

self to the defendant personally, we think that the problem should be, as it readily can be, taken out of the realm of controversy. This is easily accomplished. Trial judges before sentencing should, as a matter of good judicial administration, unambiguously address themselves to the defendant. Hereafter trial judges should leave no room for doubt that the defendant has been issued a personal invitation to speak prior to sentencing.

*Green v. United States,* 365 U.S. 301, 305, 81 S.Ct. 653, 655, 5 L.Ed.2d 670, 674 (1961).

■ Nosa argues that at no point prior to pronouncing sentence was he afforded his right to allocution as provided for in rule 2.23(3). After reviewing the sentencing transcript, we agree. Although trial counsel availed himself of the opportunity to address the court on the subject of sentencing, our supreme court has held the right to allocution is personal to the defendant and will not be deemed exercised through counsel alone. *Craig,* 562 N.W.2d at 636–37. The language of rule 2.23(3)(*d*) is consistent with the holding in *Craig,* indicating "counsel for defendant, and the *defendant personally*" shall have the opportunity to exercise the right. (Emphasis added).

The district court did not unambiguously provide Nosa with the opportunity to exercise his right to allocution. We conclude the sentence in this case must be vacated and the case remanded to the district court for resentencing.[1]

■ Nosa next claims his guilty plea was in violation of his Fifth Amendment privilege against self-incrimination because

1. We continue to urge defense counsel to avoid the unnecessary time and expense of appeal by bringing to the attention of the district court any claimed errors that can readily be remedied in the trial court, such as the failure to afford the defendant a right of allocution. *See State v. Millsap,* 547 N.W.2d 8, 10 n. 1 (Iowa Ct.App.1996).

the State threatened to file a habitual offender sentencing enhancement if he did not plead guilty. Generally our review of a challenge to the entry of a guilty plea is for correction of errors at law. *State v. Keene,* 630 N.W.2d 579, 581 (Iowa 2001). To the extent Nosa is claiming a constitutional violation, our review is de novo in light of the totality of the circumstances as shown by the entire record. *State v. Turner,* 630 N.W.2d 601, 606 (Iowa 2001).

■ To preserve guilty plea challenges for appeal, a defendant must file a motion in arrest of judgment within forty-five days of entry of a guilty plea and no later than five days before the date set for sentencing. Iowa R.Crim. P. 2.24(3)(*a*), (*b*). Nosa did not file a motion in arrest of judgment challenging his guilty plea, and therefore has not preserved error on this issue for our review. *See State v. Carter,* 582 N.W.2d 164, 165 (Iowa 1998).

Furthermore, in support of this claim Nosa alleges that his plea stated: "The State will not seek the Habitual Criminal enhancement if Defendant pleads guilty pursuant to this Plea Agreement." Nosa's plea consists of the written guilty plea and the written memorandum of plea agreement filed in this case. Upon our careful review of the record we find no term, either express or implied, such as alleged by Nosa. To the contrary, the written guilty plea expressly states that "no one has made any promises or inducements to make me plead guilty, nor has anyone threatened me to cause me to plead guilty."

■ The relevant record thus contains and consists of Nosa's own assertion that no promises or inducements led to his guilty plea, and thus his bare allegation to the contrary neither meets a minimum threshold of credibility nor overcomes the presumption the record truly reflects the facts. Therefore, and assuming Nosa has preserved error on this claim, we find it to be without merit. *See, e.g., Foster v. State,* 395 N.W.2d 637, 638 (Iowa 1986) (holding applicant for postconviction relief not entitled to hearing where allegation directly contradicted record and minimum threshold of credibility not met); *State v. Boge,* 252 N.W.2d 411, 414 (Iowa 1977) (same); *see also Wise v. State,* 708 N.W.2d 66, 70–71 (Iowa 2006) (stating district court could have summarily dismissed application for postconviction relief where applicant's allegation directly contradicted the overwhelming record).

Finally, Nosa claims his trial counsel was ineffective for misadvising him concerning what the court would do at sentencing. He contends his counsel told him the court would run the sentence on the credit card fraud conviction and the sentences on the other pending charges all concurrently. As noted above, the court ordered the sentence in this case and the sentences in the other case to all run consecutively. Nosa argues that if he would have known he was not going to receive concurrent sentences he would not have pled guilty in this case.

■ We ordinarily preserve ineffective assistance of counsel claims for a postconviction proceeding, doing so when and because the record is inadequate to resolve the claims on direct appeal. *Berryhill v. State,* 603 N.W.2d 243, 245 (Iowa 1999). Such is the case here. We therefore preserve for a possible postconviction proceeding Nosa's claim that trial counsel rendered ineffective assistance by misadvising him concerning the sentence that would be imposed in this case.

**CONVICTION AFFIRMED; SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.**