# IN THE COURT OF APPEALS OF IOWA

No. 12-0314
Filed June 25, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**GREGORY EARL JORDAN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, Todd A. Geer, Judge.


        A defendant appeals his conviction, based on his guilty plea, to second-degree theft as a habitual offender. **AFFIRMED.**


        Nathan W. Tucker of Tucker Law Firm, Davenport, for appellant.

        Thomas J. Miller, Attorney General, Sharon Hall, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and James J. Katcher and Brook Jacobsen, Assistant County Attorneys, for appellee.


        Considered by Vaitheswaran, P.J., Tabor, J., and Miller, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**MILLER, S.J.**

A defendant appeals his conviction, based on his guilty plea, to second-degree theft as a habitual offender. The defendant failed to preserve error on his claim he did not knowingly and intelligently plead guilty because he did not file a motion in arrest of judgment. We conclude the district court did not abuse its discretion in sentencing defendant. We affirm his conviction and sentence.

## I. Background Facts & Proceedings

In 2006 Jordan was charged with theft in the second degree as a habitual offender. The State alleged he took merchandise from a department store that exceeded $1000 in value. After a bench trial, Jordan was convicted. His conviction was reversed on appeal and the case remanded for further proceedings. *State v. Jordan*, 779 N.W.2d 751, 756 (Iowa 2010) (finding the district court abused its discretion in finding there was not good cause for defendant's late filing on his notice of diminished responsibility defense).

While matters in this case were pending, Jordan was found guilty in 2011 of possession of a controlled substance (cocaine base) with intent to deliver, failure to affix a drug tax stamp, disarming a peace officer of a dangerous weapon, and interference with official acts. He entered into a plea bargain whereby he would plead guilty to the 2006 charge of second-degree theft as a habitual offender and the State would recommend the sentence for that conviction would be served concurrently to his sentences for the 2011 charges.

Jordan entered his guilty plea on December 20, 2011. He stated he "[w]ent out to the mall and stole some clothes," and acknowledged the value of the merchandise exceeded $1000. Jordan was sentenced in both cases on

January 26, 2012. On the charge of second-degree theft, Jordan was sentenced to a term of imprisonment of no more than fifteen years, to be served concurrently with his sentences on the other offenses.[1] He now appeals.

## II.    Guilty Plea

Jordan claims he did not knowingly and intelligently plead guilty because the district court failed to advise him he was waiving any objections to pretrial rulings and defenses to the charge. "Normally we review challenges to guilty pleas for correction of errors at law." *State v. Ortiz*, 789 N.W.2d 761, 764 (Iowa 2010).

Jordan did not file a motion in arrest of judgment. "A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal." Iowa R. Crim. P. 2.24(3)(a). If a defendant has not filed a motion in arrest of judgment to challenge a guilty plea, the defendant has not preserved error on the claim. *Ortiz*, 789 N.W.2d at 764; *State v. Nosa*, 738 N.W.2d 658, 661 (Iowa Ct. App. 2007).

There is an exception to this rule of error preservation if a defendant claims the failure to file a motion in arrest of judgment was due to ineffective assistance of counsel. *State v. Carter*, 582 N.W.2d 164, 165 (Iowa 1998). Jordan has not framed his claim within the context of a claim of ineffective

---

[1]    As an habitual offender Jordan was sentenced to fifteen years in prison on each count. *See* Iowa Code § 902.9(3) (2011). The sentence for disarming a peace officer of a dangerous weapon was made consecutive to the other sentences, but otherwise all the sentences were to run concurrently.

assistance of counsel, and we conclude he has failed to preserve error on his challenge to his guilty plea. *See Nosa*, 738 N.W.2d at 661.

### III. Sentence

Jordan claims the district court abused its discretion in sentencing him. He claims the court failed to (1) weigh all the pertinent factors, (2) adequately consider his diminished capacity, and (3) provide an opportunity for maximum rehabilitation.

When a sentence is within statutory limits, it will be overturned only for an abuse of discretion. *State v. Washington*, 832 N.W.2d 650, 660 (Iowa 2013). "An abuse of discretion occurs when the court's decision is based on a ground or reason that is clearly untenable or when the court's discretion is exercised to a clearly unreasonable degree." *State v. Becker*, 818 N.W.2d 135, 140 (Iowa 2012). Jordan was sentenced to a term of imprisonment not to exceed fifteen years. The sentence was within the statutory guidelines, and therefore, we review for an abuse of discretion. *See* Iowa Code § 902.9(3) (2005).

The court noted Jordan had "a horrendous criminal history," and a history of drug use. The court noted he had not previously been successful on probation or parole. The court stated Jordan was a danger to the community and expressed the hope he would be rehabilitated in prison. The court concluded by stating, "This sentence is appropriate for the reasons I have already stated along with your age, your history, your family situation, the nature of the offenses, your lack of progress on supervision, both parole and probation, and the fact that you are a demonstrated danger to the community."

We conclude the district court did not abuse its discretion in sentencing Jordan. The court stated on the record its reasons for selecting the sentence in this case. *See* Iowa R. Crim. P. 2.23(3)(d). The reasons given by the court were appropriate. *See* Iowa Code §§ 901.5, 907.5.

We affirm Jordan's conviction and sentence.

**AFFIRMED.**