# IN THE COURT OF APPEALS OF IOWA

No. 14-0940
Filed April 8, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DAVID CYRIL WILSON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Sioux County, Rosemary Sackett, Judge.

        A criminal defendant appeals from his sentence contending the district court failed to afford him the right to allocution. **AFFIRMED.**

        Mark C. Smith, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Alexandra Link, Assistant Attorney General, Thomas Kunstle, County Attorney, and Andrea Glasgow, Assistant County Attorney, for appellee.

        Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ. Sackett, S.J., takes no part.

**MULLINS, J.**

David Cyril Wilson pled guilty to indecent contact with a child and was sentenced to two years in prison, a civil penalty, continuation of the no-contact order, and DNA profiling as a sex offender. He appeals from his sentence contending the district court failed to afford him a right to allocution.

We review sentencing procedures for an abuse of discretion. *State v. Nosa*, 738 N.W.2d 658, 660 (Iowa Ct. App. 2007). Abuse will be found "only if the district court's discretion was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Id.* Iowa Rule of Criminal Procedure 2.23(3)(d) requires the sentencing court to allow "counsel for the defendant, and the defendant personally . . . to address the court where either wishes to make a statement in mitigation of punishment." "Sentencing courts are not required to use any particular language to satisfy rule 2.23(3)(d)." *Nosa*, 738 N.W.2d at 660. "As long as the district court provides the defendant with an opportunity to speak regarding his punishment, the court is in compliance with the rule." *Id.* Substantial compliance is sufficient. *State v. Craig*, 562 N.W.2d 633, 635 (Iowa 1997).

Wilson appeared for sentencing. The court asked Wilson if he understood the plea agreement. Wilson stated, "Yes." The court then heard sentencing recommendations. The court asked both parties numerous questions clarifying the basis for the recommendations. The court then stated that the court considered the safety of the community, and engaged in the following exchange:

> THE COURT: The defendant has not presented to the Court any evidence that if put on probation he will be able to be gainfully

employed in order to pay for the treatment he feels that he needs. Is there any response to that, counsel?

DEFENSE COUNSEL: Your Honor, I would like the defendant to address the Court. He will tell you where he was working before and what his plans are if he's put on probation.

THE COURT: Are you using this as evidence, counsel?

DEFENSE COUNSEL: Well, it's like allocution, his right of allocution.

THE COURT: Okay. But I should swear your client in before he gives me this information?

DEFENSE COUNSEL: No, Your Honor. It's just an allocution.

THE COURT: Okay. You may proceed.

Wilson then informed the court of his employment plans. The court asked a number of questions about the employment. After further discussion, the court pronounced its sentence.

In *State v. Glenn*, 431 N.W.2d 193, 194 (Iowa Ct. App. 1988), the court of appeals found a sentencing colloquy in which the court asked the defendant if he understood the plea agreement and then discussed with the defendant his employment situation provided the defendant an adequate opportunity to address the court. Here, defense counsel affirmatively requested the opportunity for allocution for his client before the court offered it. We find the ensuing discussion gave Wilson adequate opportunity to speak regarding his punishment. The court complied substantially with the rule. Therefore, there was no abuse of discretion, and we affirm the sentence.

**AFFIRMED.**