# IN THE COURT OF APPEALS OF IOWA

No. 16-0544
Filed May 17, 2017

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**TODD TERRANCE LARUE,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Courts for Butler and Franklin Counties, Peter B. Newell, District Associate Judge.

Defendant appeals his convictions for operating while intoxicated, third offense, and three counts of driving while barred. **AFFIRMED.**

Andrew C. Abbott of Abbott Law Office, P.C., Waterloo, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**BOWER, Judge.**

Todd Larue appeals his convictions for operating while intoxicated, third offense, and three counts of driving while barred. We find Larue was not denied his right of allocution during the sentencing hearing and preserve Larue's claim he received ineffective assistance of counsel for possible postconviction proceedings as the present record is not adequate to address the issue. We affirm Larue's convictions.

## I.     Background Facts & Proceedings

On September 15, 2015, Larue was charged with driving while barred, in violation of Iowa Code section 321.561 (2015), an aggravated misdemeanor, in Butler County. On January 13, 2016, he was charged with driving while barred in Franklin County. On February 10, 2016, Larue was charged with operating while intoxicated (OWI), third offense, in violation of section 321J.2, a class "D" felony, and driving while barred in Butler County. Larue entered into an agreement in which he agreed to plead guilty to the charges against him and the State agreed to recommend the sentences should be served concurrently.[1]

A guilty plea proceeding was held on March 23, 2016. After a colloquy, the district court accepted Larue's guilty pleas. Larue requested immediate sentencing. The State made sentencing recommendations in accordance with the plea agreement and defense counsel also asked the court to follow the terms of the plea agreement. The court then asked, "Mr. Larue, is there anything you

---

[1] The State also agreed to recommend Larue could serve his sentence in a 321J program. During the sentencing hearing, the court informed Larue the Iowa Department of Corrections would decide if he could be placed in a 321J program.

would like to say?" and he replied, "No, Your Honor." The court sentenced Larue to a term of imprisonment not to exceed five years on the OWI charge and two years on each of the charges of driving while barred, all to be served concurrently. Larue now appeals his convictions.

## II. Right of Allocution

Larue claims the district court denied him his right to allocution. He states the court's question—"Mr. Larue, is there anything you would like to say?"—was not sufficient to inform him he had the right to say anything on his own behalf or had the absolute right of allocution. Larue asks to have the case remanded for resentencing.

"Generally, a sentence will not be upset on appellate review unless a defendant can demonstrate an abuse of discretion or a defect in the sentencing procedure." *State v. Cheatheam*, 569 N.W.2d 820, 821 (Iowa 1997) (citation omitted). "A trial court's sentencing decision is cloaked with a strong presumption in its favor, and an abuse of discretion will not be found unless a defendant shows such discretion was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Id.*

Iowa Rule of Criminal Procedure 2.23(3)(d) provides prior to the rendition of sentence, "counsel for the defendant, and the defendant personally, shall be allowed to address the court where either wishes to make a statement in mitigation of punishment." "Sentencing courts are not required to use any particular language to satisfy rule 2.23(3)(d)." *State v. Nosa*, 738 N.W.2d 658, 660 (Iowa 2007). Substantial compliance with the rule is sufficient. *Id.*

"Therefore, as long as the district court provides the defendant with an opportunity to speak regarding his punishment, the court is in compliance with the rule." *Id.* We conclude Larue has not shown he was denied his right of allocution.

### III.  Ineffective Assistance

Larue claims he received ineffective assistance because defense counsel did not inform him his guilty pleas could affect his federal immigration status. In order to be entitled to relief on this ground, Larue would need to show he was not a United States citizen, the guilty pleas affected his immigration status, he did not receive adequate advice on the matter from defense counsel, and he was prejudiced by counsel's conduct. The current record is devoid of evidence on these issues.

Where the record on appeal is inadequate to address a claim of ineffective assistance of counsel, we preserve the issue for possible postconviction proceedings. *See State v. Carroll*, 767 N.W.2d 638, 646 (Iowa 2009). We determine Larue's claim of ineffective assistance of counsel should be preserved for possible postconviction proceedings, "where an adequate record of the claim can be developed and the attorney charged with providing ineffective assistance may have an opportunity to respond to defendant's claims." *See State v. Biddle*, 652 N.W.2d 191, 203 (Iowa 2002).

We affirm Larue's convictions.

**AFFIRMED.**