# IN THE COURT OF APPEALS OF IOWA

No. 17-1456
Filed May 2, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**WILLIAM JOHN BLANCHARD,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Taylor County, Dustria A. Relph, Judge.

Defendant challenges his conviction for possession of more than five grams of methamphetamine with intent to deliver. **AFFIRMED.**

Daniel M. Northfield, Urbandale, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**MCDONALD, Judge.**

William Blanchard challenges his conviction for possession of more than five grams of methamphetamine with intent to deliver, in violation of Iowa Code section 124.401(1)(b)(7) (2017). On appeal, Blanchard contends his plea was not knowingly and voluntarily made due to the ineffective assistance of plea counsel. First, plea counsel failed to provide Blanchard with correct information regarding the sentence for the offense to which Blanchard pleaded guilty. Specifically, counsel incorrectly advised Blanchard he would be eligible to receive a deferred judgment or suspended sentence. Second, plea counsel was ineffective in failing to request a continuance of the plea hearing when it was revealed during the plea hearing that counsel had provided incorrect sentencing information.

To establish a claim of ineffective assistance of counsel, Blanchard must show "(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice." *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). The defendant must prove both elements by a preponderance of the evidence. *See State v. Madsen*, 813 N.W.2d 714, 723 (Iowa 2012). The failure to prove either element is fatal to the claim. *See State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003).

The plea transcript establishes Blanchard's guilty plea was knowing and voluntary. During the plea colloquy, it became apparent Blanchard's counsel had provided Blanchard with incorrect information regarding the sentence. The misinformation was promptly and definitively corrected by the district court during the plea colloquy. The district court informed Blanchard he would be required to go to prison for this offense and there would be a mandatory minimum sentence

prior to being eligible for parole. The district court allowed Blanchard to discuss the issue with his counsel off the record. When the parties came back on the record, Blanchard's counsel stated he advised Blanchard if "he needed a couple of weeks" to think about proceeding with the guilty plea, the matter could be continued. Blanchard declined the additional time and decided to proceed with plea and sentencing. The district court advised Blanchard again of the required sentence and made sure Blanchard understood the same. The district court found Blanchard's guilty plea was knowing and voluntary and accepted the plea. The record defeats Blanchard's claim. *See State v. Nosa*, 738 N.W.2d 658, 661 (Iowa Ct. App. 2007) ("The relevant record thus contains and consists of Nosa's own assertion that no promises or inducements led to his guilty plea, and thus his bare allegation to the contrary neither meets a minimum threshold of credibility nor overcomes the presumption the record truly reflects the facts."); *see also Wise v. State*, 708 N.W.2d 66, 70–71 (Iowa 2006) (stating district court could have summarily dismissed application for postconviction relief where applicant's allegation directly contradicted the overwhelming record).

Regardless, Blanchard has not established constitutional prejudice. To establish constitutional prejudice, Blanchard is required to prove that "but for counsel's ineffective assistance, he . . . would not have pleaded guilty and would have insisted on going to trial." *Diaz v. State*, 896 N.W.2d 723, 728 (Iowa 2017). Blanchard does not allege he would have insisted upon trial had his counsel provided him with the correct information. Instead, Blanchard claims he was prejudiced "as he had to make a quick decision on whether to proceed [with the

plea]."  Even if this were true, this allegation is insufficient to establish constitutional prejudice and an entitlement to relief.

We affirm Blanchard's conviction.

**AFFIRMED.**