# IN THE COURT OF APPEALS OF IOWA

No. 17-1832
Filed September 12, 2018

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**TROY WORBY,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Cedar County, Stuart P. Werling, Judge.

The defendant challenges the sentence imposed upon his conviction for animal neglect resulting in death. **AFFIRMED.**

Thomas J. Viner of Viner Law Firm, PC, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Bower and McDonald, JJ.

**MCDONALD, Judge.**

Troy Worby pleaded guilty to animal neglect, resulting in death, a serious misdemeanor, in violation of Iowa Code sections 717B.1 and 717B.3 (2017), after his dog died of bacterial sepsis. The district court sentenced Worby to 180 days in jail with 90 days suspended and imposed two special terms and conditions of probation. First, the district court required Worby to undergo a psychological evaluation and complete any recommended treatment. Second, the district court prohibited Worby from owning or possessing animals and from having animals in his residence. In this appeal, Worby challenges his sentence. He contends the district court abused its discretion in denying his request for a deferred judgment, imposed unlawful special terms and conditions of probation, and denied him the right of allocution at sentencing.

We first address Worby's contention the district court should have granted his request for deferred judgment. Our review of the district court's sentencing determination is for an abuse of discretion. "An abuse of discretion is found when the court exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable." *State v. Barnes*, 791 N.W.2d 817, 827 (Iowa 2010); *accord State v. Craig*, 562 N.W.2d 633, 634 (Iowa 1997).

We cannot conclude the district court abused its discretion in denying Worby's request for deferred judgment. The district court recognized it had the discretion to select among several statutorily-authorized sentences. The district court considered relevant factors in selecting and imposing sentence, and it did not consider any impermissible factors. Here, the district court considered the facts and circumstances of the offense and the defendant's employment and

mental-health history, among other things, stating, "The fact that you were unemployed and depressed does not make you the victim in this case. The victim is this poor dog that starved to death lying in its own excrement, starving day by day until it died." The sentence imposed is authorized by statute. While the defendant may wish the district court would have reached a different result in considering the relevant sentencing factors, mere disagreement with the court's sentencing decision is not a ground for relief. *See State v. Sweat*, No. 16-0437, 2017 WL 702366, at *1 (Iowa Ct. App. Feb. 22, 2017).

Worby next contends the district court's special terms and conditions of probation are unlawful. The Code provides probationers may be subject to any "reasonable conditions which the court . . . may impose to promote rehabilitation of the defendant or protection of the community." Iowa Code § 907.6. A condition promotes a defendant's rehabilitation or protects the community if the condition "addresses some problem or need identified with the defendant." *State v. Valin*, 724 N.W.2d 440, 446 (Iowa 2006). A condition is reasonable when it is not arbitrary and there is a "reasonable nexus" between the crime and the condition. *See State v. Lathrop*, 781 N.W.2d 288, 299 (Iowa 2010) ("[A] reasonable nexus must exist between any special condition of probation and the crime for which it is imposed."); *State v. Hauck*, No. 16-0858, 2017 WL 4049326, at *3 (Iowa Ct. App. Sept. 13, 2017).

The special condition of probation requiring Worby to obtain a mental-health evaluation is reasonable under the circumstances presented. First, the legislature has signaled the propriety of requiring psychological evaluations for persons convicted of animal torture. *See* Iowa Code § 717B.3.A(3)(a)(1). While this case

involves animal neglect rather than torture, the close relationship between the two offenses demonstrates the requirement is not arbitrary as applied here. Second, there is a reasonable nexus between the specific crime at issue in this case and the special condition of probation. During the sentencing hearing, Worby specifically stated his mental-health condition was a contributing factor to the crime. He also specifically stated he may need "more help" and "counseling" to overcome his mental-health condition. It was thus reasonable for the district court to impose a special condition of probation facilitating necessary mental-health treatment.

We also conclude the special condition of probation prohibiting Worby from owning and possessing animals and from having animals in his residence is a reasonable condition of probation. The most relevant case is *State v. Harrington*, No. 15-1955, 2016 WL 3276947, at *1 (Iowa Ct. App. June 15, 2016). In that case, the defendant pleaded guilty to animal torture, and the district court imposed a special condition of probation prohibiting him from having animals in his home or in his care. *See id.* at *1. On appeal, the defendant challenged the condition, and this court held the condition was reasonable because it would provide for the defendant's "rehabilitation while protecting the community's interest in stopping animal abuse." *Id.* at *3. Similarly, in this case, the special condition advances the community's interest in preventing animal neglect resulting in death. The condition is particularly relevant here given the defendant stated his mental-health condition, rather than his bad intent, caused him to neglect his animal to the point the animal died. Prohibiting the defendant from possessing animals or living where animals

are possessed thus serves as a reasonable prophylactic measure against his future commission of animal-neglect offenses.

Worby next contends the district court denied him the right of allocution. More specifically, Worby contends the district court had already reached a sentencing decision prior to the defendant's allocution, which worked as an effective denial of the right. It is not disputed the district court must afford the defendant the right of allocution. *See* Iowa R. Crim. P. 2.23(3)(a), (d) (providing, before the district court pronounces judgment, the defendant must "be asked whether the defendant has any legal cause to show why judgment should not be pronounced against the defendant" and "be allowed to address the court . . . to make a statement in mitigation of punishment"). The district court need not invoke specific words to afford the defendant the right of allocution. "[A]s long as the district court provides the defendant with an opportunity to speak regarding his punishment, the court is in compliance with the rule." *State v. Nosa*, 738 N.W.2d 658, 660 (Iowa Ct. App. 2007); *State v. Pierce*, No. 17-0659, 2018 WL 347737, at *3 (Iowa Ct. App. Jan. 10, 2018).

Here, the district court did not deny the defendant the right of allocution. The following exchange occurred at sentencing:

> THE COURT: Thank you. Mr. Worby, this is a truly heinous case of animal neglect. This is not an incident where there was an immediate emotional outburst and one—oh. I'm sorry. Before I proceed any further, does the Defendant wish to address the Court?
>
> [DEFENSE COUNSEL]: Yes, your Honor.
>
> THE COURT: Go ahead, Mr. Worby. Just tell me what you want to tell me, sir.
>
> THE DEFENDANT: Well, I understand what happened and what I

did. It was really bad of me to do so, but also leading—causing what happened and how I was—like [defense counsel] just said, that I have been in depression for quite some time, was unemployed, and just day-to-day stuff, just weighing down, and I didn't realize what my actions were causing at the time until it was too late. But once that happened, I just thought maybe there is a small window that the dog itself can recover from, so that's why I took it down to the shelter and dropped it off. I did call in to Cedar County dispatch to let them know. There was an officer that showed up after I had left and all of that, and that was just the end of that. Then the next day, the Cedar—the Tipton cop showed up, and that's when I found out everything. Then I realized what was done and that I should have took better care of the animal, and I'm truly sorry for what it caused for everyone that was involved. And I'm seeking help, taking medication for my depression, trying to become better, have a new job, and just start to feeling better and just going day by day. If I feel like I need to get more help, get counseling, I will, but I've been feeling a lot better than what I did back in February.

THE COURT: Thank you, sir. This is probably the most heinous case of animal neglect I've seen in the years that I've been involved in the legal system. As I said, this is not a matter of emotional outburst in which you struck an animal or lashed out at an animal through some momentary outburst. This was long-term neglect.

As the sentencing transcript makes clear, the district court offered the defendant the opportunity to speak in mitigation of punishment. Worby exercised the right and identified the factors he believed militated in favor of a deferred judgment or more lenient sentence. The district court specifically addressed those concerns in its statement of reasons for imposition of sentence. The defendant was not entitled to the sentence he desired. He was entitled to argue in favor of the sentence he desired. He was given the opportunity to do so. There is no violation here.

For these reasons, we affirm the defendant's sentence.

**AFFIRMED.**