# IN THE COURT OF APPEALS OF IOWA

No. 20-0828
Filed April 14, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DAN EUGENE SCHWABE,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Gregory D. Brandt, District Associate Judge

Dan Schwabe appeals the sentences imposed upon his dual convictions of operating while intoxicated. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., and Mullins and May, JJ.

**MULLINS, Judge.**

Dan Schwabe appeals the sentences imposed upon his dual convictions of operating while intoxicated, one as a third offense and one as a first offense, stemming from separate incidents in September and December 2019.[1]  He argues "the district court denied [him] the right to meaningful allocution at sentencing."

Iowa Rule of Criminal Procedure 2.23(3)(d) requires that, prior to rendition of sentence, "counsel for the defendant, and the defendant personally, shall be allowed to address the court where either wishes to make a statement in mitigation of punishment."[2]  Here, following the State's sentencing recommendation, defense counsel provided his sentencing recommendation, during which he highlighted mitigating circumstances.  Then, counsel advised Schwabe "wishes to allocute, as well."  The following exchange occurred:

> THE COURT: Sir, what would you like to say?
> THE DEFENDANT: That, yes, I am, guilty of the OWIs.  I was driving under the influence of alcohol.  I do have an alcohol problem.  I want to get that taken care of ASAP.
> I'm hoping and my family is hoping and praying that I can go through with this Bridges.  I've heard good things about it.  My family is backing me up on everything.  I'm just hoping and praying I can go to Bridges.
> THE COURT: Sir, since 1985, do you have any idea how many times you've been on probation?
> THE DEFENDANT: Not right offhand.
> THE COURT: 13.
> THE DEFENDANT: Okay.

---

[1] Schwabe's convictions were the result of guilty pleas.  The State appears to agree Schwabe has "good cause" to appeal because he is challenging the sentence imposed instead of his guilty pleas.  *See* Iowa Code § 814.6(1)(a)(3) (Supp. 2019); *State v. Damme*, 944 N.W.2d 98, 104–05 (Iowa 2020).

[2] Rule 2.23(3)(a) also requires the court to ask "whether the defendant has any legal cause to show why judgement should not be pronounced against the defendant."  While Schwabe recites this rule in his appellate brief, he only argues the court failed to comply with rule 2.23(3)(d).

THE COURT: Do you know how many of those probations have been revoked?

THE DEFENDANT: I believe quite a few, sir.

THE COURT: Nine. And, sir, when you went to prison on those, and then on multiple occasions you were paroled. Do you know how many times your parole was revoked after you were given a second chance after your probation was revoked? I found at least three. I mean, given the situation, you are not a good candidate for community-based corrections. 13 opportunities, nine of those result in revocation of probation. You're, at best, successful a third of the time. And we have now two new OWIs where your blood alcohol saturation is excessive. And you're saying, Judge, how about if we go for probation number 14, and I double-secret promise I'll be really good this time.

THE DEFENDANT: I'm not being secretive about it. I know that what I did back then—I was younger and I made bad decisions. I didn't have my family backing me up emotionally and supportively.

THE COURT: When did they start doing that, backing you up?

THE DEFENDANT: It was actually shortly before—beginning of last year.

THE COURT: 2019?

THE DEFENDANT: Yes.

THE COURT: And before that they had nothing to do with you?

THE DEFENDANT: Very little at all.

THE COURT: And you rewarded them by picking up two OWI thirds with all their support?

THE DEFENDANT: I did not say anything to them about all my alcohol drinking.

THE COURT: Well, you knew it was a problem; right?

THE DEFENDANT: I didn't think it was that much of a problem.

THE COURT: Right. Because in October you had a substance-abuse evaluation that recommended an education class because it wasn't that big of a deal; right?

THE DEFENDANT: Yes.

THE COURT: Here's—it appears to me that there's a game being played. That you now know that you're in serious, serious trouble, so in October, you really don't have an alcohol problem at all, and the recommendation is for basically an education class. Now that you're looking at prison, you have a horrible problem and you need residential treatment at the Bridges program. So it appears to me that you're kind of gaming the system to get what you want and not being honest about—throughout the course of this proceeding. You needed residential treatment back in October, but certainly didn't have that evaluation that suggested that. You suggested at that time you had no real alcohol problem.

THE DEFENDANT: I'm not trying to game anything. I'm being honest with everybody.

THE COURT: So you're telling me in October of last year, you were honest with the evaluator about the level of your substance-abuse issue?

THE DEFENDANT: I didn't think that I had an alcohol problem like I actually have.

THE COURT: So when did you come to that realization?

THE DEFENDANT: Once I started getting more into the alcohol, drinking, as far as my second OWI.

THE COURT: You're on your fourth OWI.

THE DEFENDANT: Right. Yeah, yeah, fourth, fourth. The last one that I got.

THE COURT: Sir, I have no question you have an alcohol problem, but you've been given ample, ample opportunities over the years to try to address that problem, and you simply have not done so. On your OWI second offense, you were required to go to treatment. Yet in October of this year, you don't have a problem. And when you finally get arrested now for the second time driving while under the influence, which is really your fourth lifetime, you now, I guess, decide that you have a problem. I just don't see that you deserve another opportunity at probation, quite honestly, sir, with your horrendous criminal history. You've been to prison at least 10 times over the course of the years and, unfortunately, have not been successful on those many of the times. Based upon your prior criminal history, the nature of these particular offenses, and the extreme danger that OWIs pose to the general public, it is the judgment of the Court—the OWIs pose a serious threat to the public . . . .

The court then sentenced Schwabe in accordance with the State's recommendation.

On appeal, "Schwabe asserts that he was denied the right to meaningful allocution at sentencing because the court's interruptions caused a misinterpretation of his remarks and prevented him from fully explaining his statements." He complains "the court asked him about his criminal history" and "accused him of 'gaming the system' and being dishonest" about his "treatment for alcohol abuse" and, while "Schwabe denied the allegations, he was not permitted to make any additional statements in mitigation of sentence afterward."

"Sentencing courts are not required to use any particular language to satisfy rule 2.23(3)(d)." *State v. Nosa*, 738 N.W.2d 658, 660 (Iowa Ct. App. 2007). "The important thing is whether the defendant is given an opportunity to volunteer any information helpful to the defendant's case" and, "as long as the district court provides the defendant with an opportunity to speak regarding his punishment, the court is in compliance with the rule." *Id.* (citations omitted).

> [A]n extended question-and-answer colloquy between the court and the defendant, obviously aimed at eliciting statements about punishment, is deemed to provide sufficient opportunity for the defendant to exercise his right to allocution. Also deemed sufficient is the question "Is there anything you would like to say to the court before I pronounce sentence?"

*State v. Craig*, 562 N.W.2d 633, 635 (Iowa 1997) (citations omitted).

Here, the court specifically allowed Schwabe an opportunity to speak, stating, "Sir, what would you like to say?" Schwabe then highlighted his need for treatment and his family support system. The court then engaged in a question-and-answer colloquy delving into these matters. Specifically, the court examined Schwabe about his lengthy criminal history spanning several years, why he never developed an understanding of his alcohol problem, and stated its disbelief Schwabe was honest with his substance-abuse evaluator, given Schwabe's lengthy history of alcohol abuse and the mere recommendation he participate in a substance-abuse education course. At the end of the day, Schwabe was given an opportunity to volunteer information helpful to his case, and rule 2.23(3)(d) was therefore satisfied. *See Nosa*, 738 N.W.2d at 660. Questioning Schwabe about

what he would like to say and allowing him an opportunity to speak was sufficient. *See Craig*, 562 N.W.2d at 635. We therefore affirm the sentences imposed.

**AFFIRMED.**