# IN THE COURT OF APPEALS OF IOWA

No. 20-0125
Filed July 21, 2021

**TYSON JAMES RUTH,**
        Plaintiff-Appellant,

**vs.**

**STATE OF IOWA,**
        Defendant-Appellee.
_____


Appeal from the Iowa District Court for Greene County, Gina Badding,

Judge.


Tyson Ruth appeals the denial of his application for postconviction relief.

**AFFIRMED**


Christopher A. Clausen of Clausen Law Office, Ames, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney

General, for appellee.


Considered by Mullins, P.J., and May, J. and Potterfield, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**MULLINS, Presiding Judge.**

Tyson Ruth appeals the denial of his application for postconviction relief (PCR). He argues the district court erred in denying his claims that his criminal counsel was ineffective in (1) allowing him to enter a plea that was coerced and not voluntary and (2) not filing a motion to suppress on the basis he was denied his constitutional right to a neutral and detached magistrate issuing search warrants.

On the former issue, Ruth cites boilerplate authorities on the issues of standard of review, an applicant's burden to establish ineffective assistance in a PCR proceeding, and pre-plea irregularities that would warrant challenging a plea. In light of those boilerplate authorities, he asserts he would not have pled guilty and would have insisted on going to trial if his counsel "filed the motion [to suppress] which Ruth had requested." Ruth's willingness to go to trial is highly suspect given the significant concessions the State offered under the plea deal. He offers no argument challenging the strength of the State's multiple charges against him, nor asserting any factual or legal defenses to any of the charges. Either way, beyond boilerplate citations and bare conclusory assertions relevant to knowing and voluntary guilty pleas, he provides us with no meaningful authoritative legal framework on the issue, so we deem the argument waived. *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue."); *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000) ("A broad, all encompassing argument is insufficient to identify error in cases of de novo review."); *Hyler v. Garner*, 548 N.W.2d 864, 876 (1996) ("[W]e will not speculate on the arguments [a party] might have made and then search for legal

authority and comb the record for facts to support such arguments."); *Inghram v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974) ("To reach the merits of this case would require us to assume a partisan role and undertake the appellant's research and advocacy. This role is one we refuse to assume.").

Further, he does not explain how he wanted his counsel to frame a motion to suppress, or how counsel adhering to the same would have resulted in counsel doing a better job, nor does he "state the specific ways in which counsel's performance was inadequate and identify how competent representation probably would have changed the outcome." *Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994). In any event, we agree with the district court that the record of the plea hearing presumptively reflects the plea was voluntary, and Ruth failed to overcome that presumption, so counsel was not ineffective. *See State v. Nosa*, 738 N.W.2d 658, 661 (Iowa Ct. App. 2007).

On the latter issue, Ruth asserts the issuing magistrate represented his father—who obtained guardianship over Ruth's children—in the guardianship proceeding around the time two search warrants were issued and for several years prior, issuance of the first search warrant would have been favorable to the magistrate's client in obtaining a guardianship, and issuance of the second search warrant would be beneficial to extend the guardianship, both, in turn, benefiting the magistrate financially. Ruth maintains his counsel was ineffective in failing to move to suppress the evidence obtained as a result of the search warrants based on the magistrate's alleged conflict of interest.

But Ruth's analytical approach largely targets the magistrate not recusing herself, as opposed to an ineffective-assistance framework. As to his counsel's

performance, he merely states "counsel failed to investigate and develop the claim in a motion to suppress the evidence found as a result of both search warrants."

Ruth must prove by a preponderance of the evidence that (1) his counsel failed to perform an essential duty and (2) prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Lopez*, 907 N.W.2d 112, 116 (Iowa 2018). We "may consider either the prejudice prong or breach of duty first, and failure to find either one will preclude relief." *State v. McNeal*, 897 N.W.2d 697, 703 (Iowa 2017) (quoting *State v. Lopez*, 872 N.W.2d 159, 169 (Iowa 2015)).

On appeal, Ruth does not even assert his counsel was aware of a potential conflict. At the PCR trial, Ruth testified he urged his counsel to move to suppress evidence based on the magistrate's alleged conflict. Ruth's trial counsel acknowledged in his testimony he puts every piece of ammunition possible into a motion to suppress—"any viable grounds," without going into "kitchen sink" tactics. He also confirmed he would have looked into any potential conflicts of interest of which he was made aware. Counsel could not specifically recall if Ruth asked him to explore a conflict of interest, but if Ruth had, counsel would have at least explored and researched the issue. Absent notations of such of a notification in his file, he opined "it didn't happen," and nothing about the magistrate's name alerted him to look into potential conflicts. The district court found counsel more credible, as do we. Further, the magistrate pointedly testified her relationships with clients would not compromise her oath as to granting or denying search warrants— if she felt her oath was compromised, she would send the matter to a different magistrate. The magistrate stated, aside from the guardianship proceeding (which was ultimately voluntary) and attending the same church, she only did taxes for

Ruth's parents. She added her relationship with Ruth's parents had no bearing on authorizing search warrants. Her search warrant authorizations were "independent determination[s]" despite her purported relations with Ruth's parents.

So, upon the evidence presented, the question before us is whether an attorney fails to perform an essential duty in failing to investigate unknown and arguably frivolous conflicts of interests as to every presiding judicial officer? We answer that question in the negative. Even if we were to assume counsel breached an essential duty in failing to investigate or challenge the magistrate's ethical ability to authorize the search warrants, Ruth has failed to explain, let alone show by a preponderance of the evidence, how the result of the proceeding would have been different before a different magistrate. Thus, he has failed to meet his burden to show prejudice.

We affirm the denial of Ruth's PCR application.

**AFFIRMED.**