# IN THE COURT OF APPEALS OF IOWA

No. 20-1669
Filed September 1, 2021

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MATTHEW SEAN MINIUM,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Michael D. Huppert,

Judge.


        Matthew Minium appeals his criminal convictions following the denial of his

motion in arrest of judgment.  **AFFIRMED.**


        Jesse A. Macro, Jr., of Macro & Kozlowski, LLP, West Des Moines, for

appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney

General, for appellee.


        Considered by Bower, C.J., and Mullins and Ahlers, JJ.

**MULLINS, Judge.**

In March 2020, Matthew Minium was charged with various crimes. He entered written guilty pleas in June on charges of third-degree burglary, first-degree harassment, and assault on a peace officer causing injury. The court accepted the pleas on June 25. In his written guilty pleas, Minium acknowledged his obligation to file a motion in arrest of judgment to challenge his pleas within forty-five days, but in any event, not less than five days prior to sentencing, and the order accepting pleas advised of the same and that a failure to do so would preclude a right to challenge his pleas on appeal. *See* Iowa R. Crim. P. 2.24(3)(a), (b). Sentencing was scheduled for August 11. In late July, a warrant issued for Minium's arrest for failure to comply with the presentence investigation process. Sentencing was continued to September 29.

On September 15, Minium's court-appointed counsel moved to withdraw based on a conflict of interest arising upon Minium's direction counsel move in arrest of judgment on the basis that counsel failed to properly advise him in relation to his guilty pleas, an allegation with which counsel disagreed. On September 30, following a hearing, the court granted the motion, appointed new counsel, and rescheduled sentencing to October 23. At the request of the defense, sentencing was again continued to November 6. On October 28, counsel filed a motion in arrest of judgment, alleging Minium was not "fully informed before his plea[s] of guilty" and his pleas were "not knowing and voluntary." He essentially asked the court to find that ineffective assistance serves as good cause to allow the untimely filing of the motion. The State resisted. The motion was considered at the time of sentencing, which was ultimately held on December 1. At the hearing, Minium

testified he did not understand the plea agreement and it was "pushed on" him. At the hearing, the defense agreed the motion in arrest of judgment was untimely but requested the court find good cause based on ineffective assistance of counsel. The court denied the motion as untimely, good cause did not excuse the untimely filing, and Minium failed to show his pleas were anything other than knowing and voluntary. Minium appealed following the imposition of sentence.

Because Minium pled guilty, we must first address whether he has established good cause to appeal. *See* Iowa Code § 816.4(1)(a)(3) (2020). He claims good cause exists because his pleas "were not knowingly and voluntarily made." He submits if "challenging a [ruling on] a motion in arrest of judgment is not 'good cause'" then "decisions by the district court in denying motions in arrest of judgment will be unreviewable as they naturally arise from guilty pleas." The State disagrees, noting discretionary review remains available as to "order[s] denying a motion in arrest of judgment on grounds other than an ineffective assistance of counsel claim." *Id.* § 814.6(2)(f). We agree, so we bypass the good-cause requirement and instead grant Minium discretionary review. *See* Iowa R. App. P. 6.108.

"The failure to file a timely motion in arrest of judgment bars a direct appeal of the conviction." *State v. Cherry*, No. 18-1044, 2019 WL 1932540, at *2 (Iowa Ct. App. May 1, 2019). "Because [the] motion was untimely, the court was correct in not considering the motion." *Id.* And Minium does not dispute he was adequately advised of his obligation to file the motion and, on appeal, he does not

argue the claim under an ineffective-assistance rubric.[1] *See State v. Treptow*, 960 N.W.2d 98, 109 (Iowa 2021) (stating avenues for relief when a defendant fails to file a timely motion). Further, the written guilty pleas presumptively reflect the pleas were voluntary, knowing, and intelligent. *See State v. Nosa*, 738 N.W.2d 658, 661 (Iowa Ct. App. 2007). Each contained Minium's signature and acknowledged "I knowingly and intelligently plead guilty . . . because I am guilty." They also verified Minium understood the nature of the charges, the various rights he was giving up by pleading guilty, and the terms of the plea agreement. The record reflects a presumption the pleas were voluntary, Minium has failed to overcome that presumption, and he alleges no other deficiencies in relation to his pleas.

Finding no abuse of discretion, we affirm.

**AFFIRMED.**

---

[1] While he framed the claim below as one of ineffective assistance, he does not do so on appeal, likely because we may no longer consider such claims on direct appeal. *See* Iowa Code § 814.7.