# IN THE COURT OF APPEALS OF IOWA

No. 22-0814
Filed March 29, 2023

**THOMAS EDWARD JENKINS, SR.,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Scott County, Tom Reidel, Judge.

Thomas Jenkins Sr. appeals the denial of his application for postconviction relief. **AFFIRMED.**

Jamie Hunter of Dickey, Campbell & Sahag Law Firm, PLC, Des Moines, for appellant.

Brenna Bird, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee State.

Considered by Badding, P.J., Chicchelly, J., and Mullins, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**MULLINS, Senior Judge.**

Thomas Jenkins appeals the denial of his application for postconviction relief (PCR). He argues the district court erred in denying him relief on his claims that criminal trial counsel "was ineffective for failing to explain the possibility of consecutive sentences and for failing to object to the State's request for consecutive sentences as contrary to the plea agreement."

## I. Background

In 2014, Jenkins was charged by trial information with three counts of second-degree sexual abuse, a class "B" felony, as enhanced due to a prior conviction for a sexually predatory offense. *See* Iowa Code §§ 709.3(2), 901A.2(3) (2013).[1] Pursuant to a plea agreement, Jenkins pled guilty to counts one and two in return for the State's dismissal of count three. The "memorandum of plea agreement"—which was signed by Jenkins, defense counsel, and the prosecutor—provided Jenkins "admits the incidents underlying these pleas are separate and distinct acts," "the plea is open as to whether the sentences run consecutively or concurrently," and the "State will stipulate that the sentencing enhancement in Iowa Code section 901A.2 will not apply in this case."

At the plea hearing, the court detailed the terms of the plea agreement, including that the plea was "open" and "[t]he State may request that the sentences run consecutively." Upon questioning from the court, Jenkins acknowledged his understanding of the plea agreement. For purposes of establishing a factual basis,

---

[1] The trial information alleged the sex acts to have occurred between October 2012 and April 2013. No substantive changes were made to sections 709.3 or 901A.2 during this timeframe.

Jenkins admitted he engaged in two separate sex acts with an eight-year-old child on a single occasion during the alleged timeframe. *See id.* § 702.17 (defining "sex act").

At the sentencing hearing, the State recommended the imposition of consecutive sentences, while the defense recommended concurrent sentences. In his statement of allocution, Jenkins himself pleaded with the court to not impose consecutive sentences, opining "that me doing the seventeen and a half years is enough punishment to not reoffend." Because there were "two separate and distinct acts," the court imposed consecutive sentences.

Jenkins appealed, claiming "the sentencing court abused its discretion because it . . . relied on an erroneous belief that the acts happened 'two separate distinct times.'" *State v. Jenkins*, No. 15-0589, 2015 WL 8367810, at *3 (Iowa Ct. App. Dec. 9, 2015). Because the "acts were committed during one occasion" and it appeared the sentencing court was of the belief that the acts occurred during temporally separate occasions, we vacated the sentences and remanded for resentencing before a different judge. *Id.* at *5–6. On remand, the parties stood by their prior sentencing recommendations. The district court again imposed consecutive sentences. We affirmed, rejecting Jenkins's claim that the district court did not properly consider mitigating sentencing factors. *See generally State v. Jenkins*, No. 16-0593, 2016 WL 6902870, at *1–2 (Iowa Ct. App. Nov. 23, 2016).

Jenkins filed his PCR application in February 2017, alleging criminal trial counsel "failed to explain sentencing" and the prosecutor "changed term[s] of agreement at time of sentencing." The PCR application proceeded to trial in April 2022.

Jenkins testified he decided to plead guilty after criminal trial counsel advised him the State would be pursuing a sentence of "150 years," basically double sentences as enhanced and stacked to reach that total. According to Jenkins, his understanding of the plea agreement was that "[i]t was being discussed that we were going to run it concurrent with each other." Jenkins recalled, the agreement would be "open," which he just thought meant the proceedings would be open to the public, "that people were going to be there." Jenkins allegedly thought the two sentences would run concurrently for a total of twenty-five years, and he stated he did not understand any differently when the court told him at the plea hearing that consecutive sentences could be imposed. While he claims he was concerned after the plea hearing that his understanding of the plea agreement would not be the result, he did not raise his concerns to counsel. According to Jenkins, he asked his counsel at the first sentencing hearing why the prosecutor was requesting consecutive sentences, but he could not recall what counsel said to him in response. He opined counsel should have objected or taken some action to undo the plea agreement.

On cross-examination, Jenkins agreed he did not want to go to trial because, given his confession, his "prospects at trial were pretty bad." He also agreed pleading guilty to avoid the 150-year sentence he was potentially facing "was a good deal." He acknowledged he and counsel had "a long meeting" which encompassed counsel explaining his potential exposure to 150 years in prison. He also agreed he signed the plea agreement, and it clearly advised that the agreement was "open" as to whether the sentences would run consecutively or concurrently. He also agreed the court told him about the terms of the plea

agreement and gave him an opportunity to state he misunderstood the agreement, but he advised the court he understood it. Nor did he say anything about his alleged misunderstanding at either sentencing hearing.

Counsel testified that, given the evidence, including Jenkins's recorded confession, this was not a good case for trial. Counsel recalled the terms of the plea agreement would leave whether the sentences were concurrent or consecutive up to the court. Counsel testified he would have certainly explained the terms of the plea agreement, including the open nature thereof. And counsel stated Jenkins never told him he had any problems with the plea agreement or did not understand it.

In its ruling, the district court found Jenkins lacking in credibility as to his claimed misunderstanding of the plea agreement, noting his testimony "flies in the face of the established record." The court also rejected Jenkins's assertion that counsel did not inform him of the possibility of consecutive sentences, finding counsel's "version more credible and consistent with the established record." As to counsel's failure to object to the State's alleged breach of the plea agreement, the court found counsel was under no duty to object because the State's recommendation did not violate the open agreement.

Jenkins appeals.

## II. Standard of Review

We review a district court ruling on a PCR application raising constitutional claims of ineffective assistance of counsel de novo. *Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021). While not bound by them, "we give weight to the lower court's findings concerning witness credibility." *Id.* (citation omitted).

### III. Discussion

Jenkins's claims require proof, by a preponderance of the evidence, that (1) his counsel failed to perform an essential duty and (2) prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Lopez*, 907 N.W.2d 112, 116 (Iowa 2018). We "may consider either the prejudice prong or breach of duty first, and failure to find either one will preclude relief." *State v. McNeal*, 897 N.W.2d 697, 703 (Iowa 2017) (quoting *State v. Lopez*, 872 N.W.2d 159, 169 (Iowa 2015)).

Jenkins first argues "his trial counsel was ineffective for failing to explain the sentencing." More specifically, Jenkins submits he "presented sufficient evidence to demonstrate that he did not understand his sentencing exposure at the time he entered into his guilty plea, and his defense counsel was ineffective in failing to advise [him] that the State would argue for consecutive sentences."

The plea agreement noted "[t]he plea is open as to whether the sentences run consecutively or concurrently." It was signed by both Jenkins and counsel, and counsel's signature acknowledged: "I have advised the Defendant of all particulars set out above and all consequences thereof." Counsel specifically testified he would have explained all of the particulars of the plea agreement to Jenkins, and the district court found this testimony credible. At the plea hearing, the court detailed the terms of the plea agreement, including that the plea was "open" and "[t]he State may request that the sentences run consecutively." Upon questioning from the court, Jenkins acknowledged his understanding of the plea agreement. Jenkins did not voice any misunderstanding at either the first or second sentencing hearings, nor in either of the appeals following the impositions

of sentence. His statement of allocution at the first sentencing hearing, during which Jenkins pled for concurrent sentences instead of consecutive ones, indicates he indeed understood.

On our review, we agree with the State and district court that Jenkins's bare allegations—that he did not understand the terms of the plea agreement and counsel did not adequately explain them—are directly contradictory to the record, do not meet a minimum threshold of credibility, do not overcome the presumption that the record truly reflects the facts, and therefore do not entitle him to relief. *See State v. Nosa*, 738 N.W.2d 658, 661 (Iowa Ct. App. 2007). Furthermore, to demonstrate prejudice in the guilty-plea context, Jenkins was required to show that, but for counsel's alleged breach, he would not have pled guilty and would have insisted on going to trial. *See State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). Jenkins essentially agreed in his testimony that going to trial was not an option, so he did not meet his burden to show prejudice.

Turning to Jenkins's claim that counsel was ineffective in failing to object to the State's recommendation for consecutive sentences as a breach of the plea agreement, as the plea court accurately explained, the terms of the plea agreement authorized the State to do so. *See, e.g.*, *State v. Kimbrough*, No. 22-0424, 2022 WL 17826916, at *1–2 (Iowa Ct. App. Dec. 21, 2022) (finding a plea agreement calling for an "open sentencing" not breached because "the State was not obligated to make any particular sentencing proposal"). As such, counsel was under no duty to object. *See State v. Frencher*, 873 N.W.2d 281, 284 (Iowa Ct. App. 2015) ("In the absence of a breach, defense counsel had no reason or duty to object . . . .").

## IV.    Conclusion

Finding counsel was not ineffective as alleged, we affirm the denial of Jenkins's PCR application.[2]

**AFFIRMED.**

---

[2] As to Jenkins's various complaints in his brief that counsel "conducted no discovery," "filed no motions," "did not prepare or file anything in support of Jenkins's request for a concurrent sentence," "did nothing to prepare for a contested sentencing situation," and "failed to speak to any family or friends or investigate any mental health or substance use disorder," none of those matters were raised as grounds for relief in Jenkins's PCR application. Furthermore, as the State points out, "[w]hen complaining about the adequacy of an attorney's representation, it is not enough to simply claim that counsel should have done a better job. The applicant must state the specific ways in which counsel's performance was inadequate and identify how competent representation probably would have changed the outcome." *Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994) (internal citation omitted).