# IN THE COURT OF APPEALS OF IOWA

No. 20-1453
Filed March 2, 2022

**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**KELVIN LYNELL SCOTT,**
       Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, William Patrick Wegman, District Associate Judge.

The defendant appeals his guilty pleas to operating while intoxicated, second offense, and driving while barred.  **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and May, JJ.

**TABOR, Judge.**

Kelvin Scott contends he can show good cause—as required by Iowa Code section 814.6(1)(a)(3) (2020)—to appeal his written guilty pleas to second-offense operating while intoxicated (OWI) and driving while barred. He contested those pleas in the district court by moving in arrest of judgment. That motion alleged his pleas were not knowing and voluntary, he did not complete the written plea forms, and he did not consent to his attorney filing those incomplete documents. We choose to bypass Scott's good-cause argument; instead we treat his direct appeal as an application for discretionary review. We grant that review. But while Scott wins that battle, he loses the war. Because the district court did not abuse its discretion in refusing Scott's request to withdraw his guilty pleas, we affirm the denial of his motion in arrest of judgment.

## I.      Facts and Prior Proceedings

In August 2019, Waterloo police stopped the car Scott was driving because it had no license plates. During the stop, police developed reasonable suspicion that Scott was intoxicated. Scott told officers "he had no business being out driving because he had just been arrested for OWI." He also admitted he had been drinking. Scott refused to perform field sobriety tests or a preliminary breath test. Officers found an open container of alcohol under his driver's seat. At the station, Scott consented to giving a breath sample, which tested at .159 blood-alcohol concentration. The next month, the State charged Scott with OWI, second offense, and driving while barred as a habitual offender, docketed as OWCR232153.

Almost one year later, Scott filed a seven-page written guilty plea. He acknowledged the rights he was giving up and admitted that he drove while

intoxicated and while his license was barred, and that he had a prior OWI conviction. He wrote his initials in spaces provided next to twenty-eight of the twenty-nine numbered paragraphs.[1] And both he and his attorney, Heather Jackson, signed the form. But they left blank a space for the date. An electronic file stamp showed the form was e-filed on August 13, 2020. Six days later, the district court accepted Scott's pleas as "freely, voluntarily, and knowingly made" and set a sentencing date.

Five days after that, Scott asked for "disqualification of counsel." After receiving Scott's pro se request, attorney Jackson moved to withdraw. The court granted the motion and appointed new counsel, Donna Smith.

In late September 2020, attorney Smith moved in arrest of judgment on Scott's behalf. The motion sought to withdraw Scott's guilty pleas in this case (OWCR232153), as well as his guilty plea in another OWI case (OWCR232135). He asserted his pleas were unknowing and involuntary in both cases, important parts of the written pleas were missing, and he had not agreed with Jackson filing them.

At a hearing on the motion in arrest of judgment, attorney Smith also asserted Scott "has some very significant health issues and disabilities." With Scott's consent, she offered his pertinent medical records under seal. The State asked for clarification on how those records were relevant to the defense motion: "I'm not—it's unclear to me. Is [Scott] asking that he receive some sort of

---

[1] Scott left blank the space for initials following paragraph seventeen, which acknowledged his right to allocution at sentencing. In that same paragraph, a typed "x" appeared in a box signifying that he requested a sentencing hearing and a right to allocution at that hearing.

competency review?" Defense counsel clarified that she was filing the documents "to support the contention that he suffers from dementia, bipolar disorder, anxiety and depression, alcohol abuse, among other things." Counsel asserted Scott was not following through with medication management for his conditions. But counsel did not ask for a competency hearing. The court agreed to give the medical records whatever weight was appropriate in the matter.[2]

Attorney Smith suggested she might call Scott to the stand, which the court agreed she could do "in some limited fashion." But she ultimately decided to not have Scott testify, instead making this professional statement in support of withdrawing the guilty pleas: "Mr. Scott tells me that his attorney told him to fill this out this way so that it would buy some time because they weren't prepared to accept the plea and they were on some deadline, and so he did what she told him to do, but he never thought he was signing to file a written guilty plea, and that's why they didn't date it."

The court granted Scott's request to withdraw his guilty plea in case OWCR232135.[3] But the court denied the motion in arrest of judgment in this case. The court reasoned: "we have a written plea here that's filled out properly and

---

[2] But it is not clear the court had time to consider the medical records because it denied the motion in arrest of judgment for these two offenses on the record, and then proceeded to sentencing.

[3] The court explained:

> We do have a plea in OWCR232135 which this court finds was missing paragraphs being initialed by the defendant, and the court doesn't find in that case that paragraph twenty-nine, which is a generic paragraph, overrides the specific paragraphs of waiving his rights—his trial rights which were not initialed as well as his understanding in paragraph sixteen of waiving those rights and in paragraph twenty discussing legal defenses with his counsel.

submitted and was accepted." The court also considered Scott's "conduct here in court" noting "he has been very involved with his defense here today talking with his attorney, making comments." The court relied on those observations to determine "at the time of signing these pleas, he was involved and knowingly knew what he was doing at that point in time."

After denying the motion in arrest of judgment, the court went ahead with the sentencing hearing. When the court asked if there was any legal reason sentencing could not proceed, Scott returned to the grounds urged in his motion in arrest of judgment. He acknowledged that he voluntarily signed the plea form, but claimed it was his understanding that "we were buying some time." The court cut him off: "I denied that motion to set this written plea of guilty aside, so we are proceeding with sentencing." Immediately switching gears, Scott replied: "Okay then. Well, you know, I'm very remorseful for what I did." The court sentenced Scott to indeterminate two-year prison terms for both offenses, to be served concurrently. He now appeals.

## II.     Scope and Standards of Review

We review the denial of a motion in arrest of judgment for an abuse of discretion. *State v. Petty*, 925 N.W.2d 190, 194 (Iowa 2019). An abuse of discretion occurs when the trial court "exercised its discretion on clearly untenable or unreasonable grounds." *Id*. "We review whether a trial court should have ordered a competency hearing de novo." *State v. Einfeldt*, 914 N.W.2d 773, 778 (Iowa 2018).

### III. Analysis

Scott contends the district court abused its discretion in denying his motion in arrest of judgment. He argues he did not enter his guilty pleas knowingly and voluntarily, he "did not complete the requirement for a written guilty plea," and he did not agree to have counsel file the incomplete guilty pleas.

### A. Good Cause to Appeal or Grounds for Discretionary Review

As a threshold issue, Scott argues he has good cause for his appeal. *See* Iowa Code § 814.6(1)(a)(3) (stating defendants have no right of appeal from a guilty plea, other than an "A" felony, unless they establish "good cause"); *State v. Boldon*, 954 N.W.2d 62, 69 (Iowa 2021) (holding defendant has burden to establish good cause for appeal). The omnibus crime bill that installed the good-cause requirement did not define that term. *State v. Treptow*, 960 N.W.2d 98, 108 (Iowa 2021). So our supreme court stepped in, describing "good cause" as a "legally sufficient reason" to appeal. *State v. Damme*, 944 N.W.2d 98, 100 (Iowa 2020). The court also advised that "good cause" depends on the context. *Id.* at 104. In *Damme*, the court found good cause to appeal "when the defendant challenges his or her sentence rather than the guilty plea." *Id.* at 105.

In a different context, our court has also held a challenge to the defendant's competency to plead guilty, even if not contested at the plea hearing, was good cause to appeal. *See State v. Cue*, No. 19-2150, 2020 WL 6157813, at *3 (Iowa Ct. App. Oct. 21, 2020); *see also State v. Newman*, No. 19-1228, 2021 WL 4304278, at *2 (Iowa Ct. App. Sept. 22, 2021) (finding good cause for appeal based on defendant's claim of incompetence at the time of his guilty plea); *State v. Chindlund*, No. 20-1368, 2021 WL 2708944, at *2 (Iowa Ct. App. June 30, 2021)

(finding good cause when the defendant "claim[ed] his plea was not knowingly and intelligently made because he was suffering from a mental-health problem—thus alluding to a competency issue").

On the other end of the spectrum, when a defendant asserts a deficiency in the plea hearing but did not move in arrest of judgment, good cause is lacking because we cannot provide relief on appeal. *See* Iowa R. Crim. P. 2.24(3)(a); *Treptow*, 960 N.W.2d at 109; *State v. Tucker*, 959 N.W.2d 140, 153 (Iowa 2021). Scott distinguishes his case from *Treptow* and *Tucker* because he *did* move in arrest of judgment raising the same issues he raises here. He argues, "[b]ecause [he] filed a motion in arrest of judgment, this court can provide appellate relief on direct appeal."

The State counters that when a defendant who pleads guilty wishes to challenge the denial of a motion in arrest of judgment, the proper mechanism is discretionary review. *See* Iowa Code § 814.6(2)(f). Because Scott did not seek discretionary review, the State argues that we should not entertain his appeal. The State recognizes Iowa Rule of Appellate Procedure 6.108 allows us to proceed as though the proper form of review had been requested. *See State v. Kershner*, No. 20-1506, 2021 WL 3661403, at *1 (Iowa Ct. App. Aug. 18, 2021) (granting request to consider appellant's brief as an application for discretionary review). But the State insists "granting an unbidden application for discretionary review in a guilty plea challenge" would "propagate an undesirable practice." That is, both parties must go through the time and expense of briefing the merits of a guilty-plea challenge that we may decide we cannot reach.

In reply, Scott contends *Treptow* and *Tucker* anticipate that when defendants have unsuccessfully moved in arrest of judgment, the appellate courts may decide whether they have good cause for appeal—rather than requiring an application for discretionary review. *See* 960 N.W.2d at 109; 959 N.W.2d at 153. But as a backstop, Scott argues that if we accept the State's position, rather than dismissing his appeal, we should grant him discretionary review.

As we weigh the parties' positions on the proper route to appellate review, we do so without explicit authority from our supreme court. Contrary to Scott's argument, the holdings in *Treptow* and *Tucker* tell only half the story. They establish that defendants who received a proper advisory but did not file a motion in arrest of judgment to contest their guilty pleas cannot establish "a legally sufficient reason to appeal as a matter of right." 960 N.W.2d at 109; 959 N.W.2d at 153. But *Treptow* and *Tucker* do not address what happens when a defendant *does* file a motion in arrest of judgment that the district court denies.[4] For guidance in that situation, we must focus on the language of the statute.

In the omnibus crime bill, the legislature provided that discretionary review "may be available" from an order denying a motion in arrest of judgment on a ground other than ineffective assistance of counsel. Iowa Code § 814.6(2)(f). That

---

[4] Moving in arrest of judgment is not a sure ticket to establishing good cause. Our court has rejected good-cause claims even when the defendant moved in arrest of judgment. *See, e.g.*, *State v. Mosley*, No. 20-0175, 2021 WL 4889070, at *2 (Iowa Ct. App. Oct. 20, 2021) (holding defendant did not show good cause for a direct appeal because she did not raise sentencing or competency); *State v. Manirabaruta*, No. 20-0025, 2021 WL 4890937, at *3 (Iowa Ct. App. Oct. 20, 2021) (holding alleged lack of factual basis for plea was not good cause to appeal); *Kershner*, 2021 WL 3661403, at *1 (finding no good cause when motion in arrest of judgment alleged defendant wished to withdraw pleas when he found out he would remain in county jail after pleading).

express mention of orders denying motions in arrest of judgment in the discretionary-review list in paragraph (2) suggests the legislature did not intend for courts to analyze those denials under the "good cause" criteria for direct appeal in paragraph (1). *See State v. Macke*, 933 N.W.2d 226, 235 (Iowa 2019) ("[W]hen the legislature includes particular language in some sections of a statute but omits it in others, we presume the legislature acted intentionally"); *see also* Iowa R. App. P. 6.106(1)(a) ("An application for discretionary review may be filed with the clerk of the supreme court to review certain orders specified by statute *which are not subject to appeal as a matter of right*." (emphasis added)). As the State contends, discretionary review appears to be the proper vehicle for Scott's challenge. So that is the route we navigate today.

An appellate court may grant discretionary review "upon a determination that (1) substantial justice has not been accorded the applicant, (2) the grounds set forth in [Iowa Rule of Appellate Procedure] 6.104(1)(d) for an interlocutory appeal exist, or (3) the grounds set forth in any statute allowing discretionary review exist." Iowa R. App. P. 6.106(2). Because Scott wishes to appeal from a final ruling, (2) the grounds for interlocutory appeals are not at play. So we look to (1) or (3). That is, we may grant Scott's application if we determine he was not accorded substantial justice or that grounds for allowing discretionary review set forth in section 814.6(2)(f) exist. In the end, we suspect that both of those measures will prove very similar to deciding if "good cause" exists for the guilty-plea appeal. Building on that parallel, we turn to Scott's arguments for good cause.

In arguing for good cause, Scott emphasizes that "during the time he signed the written guilty plea, he was having some very significant health issues and

disabilities which influenced [his] decision making." True, that argument is not a full-fledged claim that he was incompetent to enter a guilty plea. But Scott's stance during the hearing on his motion in arrest of judgment—including the submission of his medical records verifying various psychiatric diagnoses—raised a substantial allegation that difficulty maintaining his medications affected his ability to enter knowing and voluntary pleas. *See generally State v. Lowe*, No. 15-1679, 2016 WL 4543974, at *3 (Iowa Ct. App. Aug. 31, 2016) (analyzing whether "effects of withdrawal from his medications at the time he entered his guilty pleas" prevented defendant from "understanding the plea proceedings and rendered his pleas unknowing and involuntary"). On this record, we find grounds to grant discretionary review.[5] *See Kershner*, 2021 WL 3661403, at *1; *see also State v. Minium*, No. 20-1669, 2021 WL 3892815, at *1 (Iowa Ct. App. Sept. 1, 2021) (bypassing good-cause requirement and instead granting discretionary review).

Our grant of discretionary review is bolstered by Scott's change of attorney after entering his pleas. About one week after Scott and attorney Jackson signed, but did not date, the guilty plea form, Scott asked to replace Jackson. When Jackson, in turn, asked to withdraw, the court granted that request and appointed attorney Smith, who filed the motion in arrest of judgment. What's more, the court granted Scott's motion in arrest of judgment on the other guilty plea that he also

---

[5] Our finding is guided by *Newman*, *Chindlund*, and *Cue*, which all discuss competency. 2021 WL 4304278, at *2; 2021 WL 2708944, at *2; 2020 WL 6157813, at *3. Even though Scott did not contest competency under Iowa Code chapter 812, our supreme court has recognized that, if supported by a medical expert, a defendant may show that an altered "medication regimen" could undermine the voluntariness of his guilty plea. *Castro v. State*, 795 N.W.2d 789, 795 (Iowa 2011).

filed when represented by attorney Jackson. Those circumstances add credence to Scott's claim that his guilty pleas were involuntary and he has a legally sufficient reason to appeal.

### B.      Grounds for Arresting Judgment

In assessing the merits of Scott's claim, we pick up where we left off in granting discretionary review. We ask whether his "significant" mental-health issues rendered him incompetent to participate in the criminal proceedings.[6] *See* Iowa Code § 812.3(1). Or whether his failure to manage his medications prevented him from knowingly and voluntarily pleading guilty. *See Castro*, 795 N.W.2d at 795.

Scott does not meet either burden. The record lacks evidence that he suffers from a mental disorder that prevented him from appreciating the charges, understanding the proceedings, or assisting in the defense. As the district court noted, Scott actively engaged with attorney Smith during the hearing.

Further, Scott's medical exhibit listed his diagnoses and medications but did not specify how they affected his cognition. Scott did not offer testimony that his mental-health diagnoses or medication regimen limited his functioning when he signed the plea forms. Rather, attorney Smith offered a vague assertion that "it's really hard for him to stay in a stable condition where he's knowing and

---

[6] Section 812.3(1) provides:

> If at any stage of a criminal proceeding the defendant or the defendant's attorney, upon application to the court, alleges specific facts showing that the defendant is suffering from a mental disorder which prevents the defendant from appreciating the charge, understanding the proceedings, or assisting effectively in the defense, the court shall suspend further proceedings and determine if probable cause exists to sustain the allegations.

understanding and able to assist even sometimes." Scott fails to show his mental-health issues or poor medication management led to involuntary or unknowing guilty pleas. To the contrary, Scott asserted in an initialed paragraph of his written plea that he was in good health, was taking medication as prescribed by his doctor, and had no mental defect that prevented him from understanding the charges or proceedings. *See State v. Nosa*, 738 N.W.2d 658, 661 (Iowa Ct. App. 2007) (presuming plea record reflected the facts).

Scott next contends he "did not complete the requirement for a written guilty plea." That contention appears to reference the fact he did not initial one of the twenty-nine paragraphs on the plea form and failed to fill in blanks left for the date at the end of the form. But, as the State points out, the rules of criminal procedure do not require the defendant to initial each paragraph of a written plea or to write in the date. *See* Iowa R. Crim. P. 2.8(2). Rather, the rule requires the court to ensure that the plea is voluntary and intelligent. *Id.* The particular paragraph that Scott did not initial described his right of allocution. Rule 2.8(2)(b) does not mention the right of allocution. So that omission did not render the plea involuntary. *See State v. White*, 587 N.W.2d 240, 242 (Iowa 1998) (citing substantial compliance standard to decide whether a plea satisfies rule 2.8(2)(b)). And as the district court pointed out, the plea is file stamped, so the lack of a handwritten date is unimportant. The written plea form was adequate to advise Scott of the consequences of pleading guilty. The minor omissions referenced by Scott do not show the pleas to be involuntary or unknowing.

Finally, Scott contends he did not consent to filing the incomplete guilty plea. Nothing in the record supports that contention. Scott did not call attorney Jackson

to testify, nor did he testify himself. Without evidence to the contrary, the district court could rely on the written plea form that was "filled out properly and submitted and was accepted." *See Nosa*, 738 N.W.2d at 661 (holding defendant's "bare allegation" that plea was involuntary did not overcome presumption the record was accurate). We find no abuse of discretion in the court's denial of the motion in arrest of judgment. So we affirm the convictions.

**AFFIRMED.**

Vaitheswaran, P.J., concurs; May, J., dissents.

**MAY, Judge** (dissenting).

Kelvin Scott has provided no viable argument for jurisdiction. We should dismiss his appeal. I respectfully dissent.

Because Scott pled guilty, he has two possible pathways to appellate review: an appeal as of right under Iowa Code section 814.6(1)(a)(3) (2020), or discretionary review under section 814.6(2)(f). Like the majority, I do not believe section 814.6(1)(a)(3) is a viable option. It permits an appeal only when "the defendant establishes good cause."[7] Iowa Code § 814.6(1)(a)(3). Scott has not done so. Scott's good cause argument is that—because he filed a motion in arrest of judgment—"the appellate courts can provide relief" and, thus, he "has established good cause to pursue his appeal as a matter of right." But Scott has not cited—and I have not found—authority that supports this approach. Nor does it seem obvious that the good cause requirement would be fulfilled merely by filing a motion in an arrest of judgment—a motion that was *already* an *independent* requirement for appealing a guilty plea *before* the legislature added the good cause requirement. *Compare State v. Kirchoff*, 452 N.W.2d 801, 802–03 (Iowa 1990) (discussing nuances of the motion-in-arrest-of-judgment requirement in 1990), *with* 2019 Iowa Acts ch. 140 § 28 (prohibiting appeals as a matter of right from convictions where the defendant has pled guilty but allowing exceptions for class "A" felonies and "case[s] where the defendant establishes good cause" effective July 1, 2019).

---

[7] Or if the defendant pled guilty to a class "A" felony.

Because Scott has not established good cause under section 814.6(1)(a)(3), his only remaining option is discretionary review under section 814.6(2)(f). Here again, Scott fails to offer a viable argument. Scott does not address Iowa Rule of Appellate Procedure 6.106(2) even though—as both the State and the majority recognize—rule 6.106(2) governs when discretionary review "may" be granted. Iowa R. App. P. 6.106(2) ("The supreme court may grant discretionary review upon a determination that (1) substantial justice has not been accorded the applicant, (2) the grounds set forth in rule 6.104(1)(d) for an interlocutory appeal exist, or (3) the grounds set forth in any statute allowing discretionary review exist."). Instead, Scott suggests that—because rule 6.108 prevents us from dismissing his case without *considering* discretionary review— therefore, we cannot dismiss his case *at all* and, ultimately, we *have no choice* but to grant discretionary review. I do not think that is correct. It would turn discretionary review into non-discretionary review.

Two final notes. First, the majority may be correct that—although good cause is expressly mentioned in section 814.6(1)(a)(3) but omitted from section 814.6(2)(f)—a good cause analysis applies to both sections. *But see State v. Macke*, 933 N.W.2d 226, 235 (Iowa 2019) (noting "when the legislature includes particular language in some sections of a statute but omits it in others, we presume the legislature acted intentionally"). Yet, although the parties have provided ample briefing on both sections 814.6(2)(f) and 814.6(1)(a)(3), neither party has recommended this approach. This gives me pause. I would wait for another case—one in which the parties have discussed the question—to decide whether a good cause analysis governs section 814.6(2)(f).

Finally, Scott's jurisdictional briefing includes many factual allegations that I have not mentioned. For instance, Scott suggests "that during the time he signed" a "written guilty plea, he was having some very significant health issues and disabilities which influenced Scott's decision making" and led to a plea that was "not knowingly and intelligently given." Like the majority, I am concerned by these allegations. But Scott does not connect those alleged facts to a valid jurisdictional theory. He does not explain how those facts would permit us to find good cause under section 814.6(1)(a)(3). Nor does he explain how those facts would justify discretionary review under section 814.6(2)(f) and rule 6.106(2). And we are not obliged to provide those explanations. *See, e.g.*, *Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996); *Inghram v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974).

Because Scott has provided no viable argument for jurisdiction, we should dismiss his appeal. I respectfully dissent.